**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FEDERAL TRADE COMMISSION and
OFFICE OF ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS,
STATE OF FLORIDA,

                    Plaintiffs,

vs.                                              Case No.  3:10-cv-266-J-34TEM

ALCOHOLISM CURE CORPORATION,
also doing business as Alcoholism Cure
Foundation, and ROBERT DOUGLAS
KROTZER, individually and as an officer
and/or director of Alcoholism Cure
Corporation,
                    Defendants.

_____

**ORDER**

This case is before the Court on Defendant Robert Douglas Krotzer's Opposed Emergency Motion: Strike, Expunge or Seal Documents #58-61 Violate Protected Trade Secrets. (Doc. 68; Motion).  Plaintiffs have submitted a response in opposition (Doc. 73; Response), and the Motion is ripe for consideration.

**I.   Background**

Plaintiffs initiated this action on March 29, 2010, by filing a seven-count Complaint for Permanent Injunction and other Equitable Relief (Doc. No. 1; Complaint) against

Defendants.[1] In the Complaint, Plaintiffs seek injunctive and equitable relief against Defendants, based upon alleged violations of sections 5(a) and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 52, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-.213. See Complaint at 2. On May 26, 2010, the Court granted Plaintiffs' Unopposed Motion for Entry of a Stipulated Order for Preliminary Injunction. (Doc. 12; 05/26/10 Order). The Court signed and docketed a Stipulated Order for Preliminary Injunction, as modified by the Court, which was also signed by the parties. (Doc. 12-1; Stipulated Preliminary Injunction). On September 13, 2010, Defendant Krotzer, proceeding pro se, filed an Answer to Complaint (Doc. No. 36; Answer), and following an Order by this Court (see Doc. 48; 9/23/10 Order), filed an Amended Answer on October 8, 2010. (Doc. 53; Amended Answer). On October 16, 2010, Krotzer filed a motion seeking to vacate the Stipulated Preliminary Injunction, entitled: Opposed Motion To Vacate Preliminary Injunction Stipulated Under False Pretenses And Without Statutory Authority Or Jurisdiction. Alternatively Request For Interpreting The Injunction. (Doc. 56; Motion to Vacate the Stipulated Preliminary Injunction). Plaintiffs have filed a response in opposition

---

[1] Plaintiffs originally named as defendants Alcoholism Cure Corporation and Robert Douglas Krotzer. See Complaint. On July 14, 2010, Defendants' former counsel moved to withdraw as counsel, saying that he had been discharged from employment by the Defendants, who advised that they were unable to pay attorneys' fees. (Doc. 17; Motion to Withdraw). The Court granted the Motion to Withdraw, and advised that Defendant Alcoholism Cure Corporation may appear and be heard only through counsel admitted to this Court. (Doc. 18; 7/19/10 Order (citing Rule 2.03(e)) Local Rules, United States District Court, Middle District of Florida (Local Rules(s)). The Court ordered both defendants to respond to Plaintiffs' Complaint by August 20, 2010. Id. at 3. The Court subsequently extended the time for Defendants to respond to the Complaint to September 13, 2010, and ordered corporate Defendant Alcoholism Cure Corporation to retain counsel by that date. (Doc. 23; 8/23/10 Order). Individual Defendant Krotzer answered the Complaint on September 13, 2010 (Doc. 36) and corporate Defendant Alcoholism Cure Corporation did not. Plaintiffs moved for the Clerk to enter a Default against corporate Defendant Alcoholism Cure Corporation for failure to plead or otherwise defend the action. (Doc. 37; Motion for Clerk's Default). The Court granted the Motion for Clerk's Default (Doc. 46; 9/21/10 Order), and the Clerk entered a Default against corporate Defendant Alcoholism Cure Corporation on September 22, 2010. (Doc. 47; Clerk's Default).

to Defendant's to Motion to Vacate the Stipulated Preliminary Injunction (Doc. 71), and that motion remains pending.

On October 21, 2010, Plaintiffs filed Plaintiffs' Motion For An Order To Show Cause Why Defendant Robert Douglas Krotzer Should Not Be Held In Contempt. (Doc. 58; Motion for Order to Show Cause). Defendant has filed a response in opposition to Plaintiffs' Motion for Order to Show Cause (Doc. 63), and that motion remains pending.

At issue here are the declarations and accompanying exhibits filed by Plaintiffs in support of Plaintiffs' Motion for Order to Show Cause. (See Docs. 58, 59, 60, 61). Specifically, Plaintiffs' have filed the Declaration of Linda Henry, an investigator with the plaintiff Federal Trade Commission (FTC) (Doc. 58-1) accompanied by 66 exhibit attachments (Docs. 58-2 through 58-67); a Consumer Declaration (with name redacted) (Doc. 59) with ten exhibit attachments (Docs. 59-1 through 59-10); the Declaration of Amy Sams, an investigator with the plaintiff State of Florida, Office of the Attorney General (Doc. 60) accompanied by 51 exhibit attachments (Docs. 60-1 through 60-51); and the Declaration of Kent E. Hutchinson, Ph.D. (Doc. 61), accompanied by 36 exhibit attachments. (Docs. 61-1 through 61-36).

Defendant argues in his Motion that the documents filed by Plaintiffs are protected trade secrets and are irrelevant. Motion at 1, 2. He also requests that with any future filing, "Plaintiffs be required to redact any mention of ingredients, amounts of ingredients, quality of ingredients, combinations of ingredients, and other information in the email from which Defendants [sic] methods could be reverse engineered, such as, without limitation, dietary and lifestyle changes." Id. at 1. Defendant alleges that "Plaintiffs have placed Defendants


[sic] valuable trade secrets into PACER [the Court's publically available electronic docketing system] available for reverse engineering from many documents, including primarily emails to and from members which were protected by a prior Court order[2] and are entitled to legal protection as a matter of law." Id. at 3.  While Defendant asserts that "[m]any of these documents permit reverse engineering of Molecule Multiplicity, including emails to and from customers," id. at 4, he does not identify which of the four declarations and 163 exhibit attachments disclose "trade secrets."  Additionally, Defendant's "Memorandum of Legal Authority In Support of Motion To Strike," presents arguments going to the merits of Plaintiff's action, not the Motion, id. at 4-9, and states that "[t]here is no need to cite cases . . . ."  Id. at 4.

Plaintiffs respond that the information Defendant seeks "to strike or seal is central to the controversy of this case," Response at 2, and that the information is not a "trade secret" because it is not "secret." Id. at 3 (citing Carson Products Co. v. Califano, 594 F.2d 453, 461 (5th Cir. 1979)).[3] Plaintiffs argue that Defendant has filed applications for two United States Patents, setting forth the "[c]omposition for treatment of alcoholism," and the methodology for an "Internet-based system for curing alcoholism and other human problem conditions,

---

[2] Defendant does not identify the "prior Court order" which purportedly "protects" "emails to and from members." On April 6, 2010, the Court entered an Order denying Plaintiffs' Unopposed Motion to Seal Temporarily Certain Attachments to the Declarations of Linda Henry and Kent E. Hutchinson, Ph.D. (Doc. 7; 04/06/10 Order). The Court provided instructions to the parties regarding a procedure to follow to seal certain documents, in accordance with the requirements of Rule 1.09(a), Local Rules, United States District Court, Middle District of Florida. Id.  No further action was taken by the parties or the Court with regard to sealing or "protecting" certain documents.

[3] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

and for assuring continued participation by clients to assure commercial viability," both of which are publically available on the Internet. Id. at 3 and Exhibit 1, Attachments Q and R.

## II.    Applicable Law

Defendant characterizes his Motion as a motion to "Strike, Expunge, or Seal Documents."[4]  A motion to strike permits a court, on its own motion or by motion of a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike is appropriately granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).  "Because this standard is rarely met, '[m]otions to strike are generally disfavored by the Court . . . .'" U.S. ex rel. Chabot v. MLU Servs., Inc., 544 F. Supp.2d 1326, 1330 (M.D. Fla. 2008)(citation omitted).  A Rule 12(f) motion to strike has been characterized as a "drastic remedy" which is "rarely granted absent a showing of prejudice." Stephens v. Trust for Pub. Land, 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007).

By calling his motion alternatively a "motion to strike," defendant apparently seeks to have the declarations and exhibits stricken from the Court's docket entirely.  However, Defendant makes only conclusory allegations that the documents will "permit reverse engineering" and makes no showing the he is in any way prejudiced by the fact that these

---

[4] The Federal Rules of Civil Procedure make no provision for the "expunging" of documents from the Court's file, and the Court could locate no legal basis authorizing it to do so. Cf. United States v. Tyler, 670 F.Supp.2d 1346, 1349 (M.D. Fla. 2009)(denying motion to expunge arrest records based upon equitable considerations in the absence of statutory authority or a decision from the Eleventh Circuit suggesting that a district court has jurisdiction to expunge criminal records); see also Hall v. Ala., Case No. 2:09-cv-342-MHT, 2010 WL 582076, *7–9 (M.D. Ala. Feb. 18, 2010)(same).  Defendant cites to no legal authority to support "expunging" documents from the Court's file.

documents are a part of the Court's file.  Moreover, simply characterizing a document as a "trade secret," without more, does not make it so.  Additionally, defendant offers no legal analysis or facts establishing that the Rule 12(f) considerations are satisfied.  The Court declines to impose the drastic and disfavored remedy of striking the declarations and exhibits from the Court's file.

Construing the Defendant's Motion as a Motion to Seal, the Court examines the legal requirements for sealing documents filed in a public court docket.  The public possesses a common-law right to inspect and copy judicial records and public documents.  In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007).  "'[M]aterial filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.'" Romero, 480 F.3d at 1245.; see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001).  Nevertheless, the public's right of access to judicial records in this context "may be overcome by a showing of good cause." Romero, 480 F.3d at 1245.  "Good cause" requires

> "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." . . . "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." . . . In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alterative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted).  "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id.

Rule 1.09(a), Local Rules, United States District Court, Middle District of Florida (Local Rules)) also addresses requests to file papers under seal, and sets forth the procedural framework for doing so.  Local Rule 1.09(a) provides inter alia that a motion to seal include

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

Local Rule 1.09(a).  It is the burden of the party seeking the protection to establish that the document should be filed under seal.  See Bovie Med. Corp. v. Livneh, Case No. 8:10-cv-1527-T-24EAJ, 2010 WL 4117635, at *3 (M.D.Fla. Oct. 19, 2010).  Defendant's Motion fails in multiple respects.

First and foremost, Defendant fails to identify which of the four declarations and 163 exhibit attachments in question disclose a "trade secret."  Rather, Defendant attempts to cast a broad net over all of the evidentiary material filed by Plaintiffs in support of their Motion for an Order to Show Cause, in complete disregard of the requirements of Local Rule 1.09(a). Defendant must cull through the massive filing and identify specific documents he seeks to have sealed and explain the reasons why.  Additionally, given the fact that detailed information about the ingredients comprising Defendant's product and Defendant's

methodology is readily available to the public via the Internet, Defendant must explain why the sealing of each identified document is necessary, and why means other than sealing are unavailable or unsatisfactory. See id. If Defendant maintains that the declarations and exhibits contain "trade secrets," he must specifically describe how and why the information constitutes a "trade secret."[5] Finally, Defendant has failed to establish "good cause" why any documents contained in the declarations and exhibits filed by Plaintiffs in connection with Plaintiffs' substantive Motion for an Order to Show Cause, (Docs. 58-61) raising issues as to whether Defendant is violating the Stipulated Preliminary Injunction, should be sealed.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Robert Douglas Krotzer's Opposed Emergency Motion: Strike, Expunge or Seal Documents #58-61 Violate Protected Trade Secrets (Doc. 68) is **DENIED WITHOUT PREJUDICE**.

---

[5] For information to constitute a "trade secret," it must, of course, be "secret." Carson Prods. Co., 594 F.3d at 461.

> [A] trade secret is entitled to legal protection only to the extent that it is not discoverable by fair and honest means. . . . Information cannot be the subject of a trade secret if it is readily ascertainable without engaging in tortious behavior. . . . A trade secret forfeits its protection if discovered by means such as "independent invention, accidental disclosure, or by so-called reverse engineering, that is by starting with the known product and working backward to divine the process which aided in its development or manufacture."

Id. at 461-62 (citations omitted). Stated alternatively, a "trade secret" requires that its proponent "must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the proponent], that it would be valuable to [the proponent's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." Chicago Tribune Co., 263 F3d at 1313-14.

The Court notes that even if certain material is determined to be a "trade secret," the Court must still engage in balancing the competing concerns in making a determination of "good cause" to seal the material. See Id. at 1314-15.

      2.      If appropriate, Defendant may file a properly supported motion to seal specified documents or portions thereof, pursuant to Local Rule 1.09, setting forth evidence establishing how and why the material specified reveals a "trade secret," and legal authority to support any argument made, all in compliance with the legal and procedural tenets as set forth in this Order.

      **DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of November, 2010.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:
Counsel of Record
Unrepresented Party