UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION and
FLORIDA OFFICE OF ATTORNEY
GENERAL, DEPARTMENT OF LEGAL
AFFAIRS,

    Plaintiffs,

v.                                                         CASE NO. 3:10-cv-266-J-34JBT

ALCOHOLISM CURE CORPORATION
doing business as Alcoholism Cure
Foundation, and ROBERT DOUGLAS
KROTZER, individually and as an officer
and/or director of Alcoholism Cure
Corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Tardy Motion: Seal Private Information & Limit Irrelevant Parts (Opposed) ("the Motion") (Doc. 164) filed by Defendant Robert Douglas Krotzer ("Krotzer"). In the Motion, Krotzer requests that the Court allow him to file under seal "all or parts of what will be ~12 years of personal and corporate tax returns." (*Id.* at 3.) "If full returns are required by the Rules of Evidence, Krotzer requests permission to only provide those parts of the returns that are related to the income, expenses and losses of the business of alcoholism treatment technology." (*Id.* at 4.) Krotzer wants to file these tax returns in support of his response to Plaintiffs' motion for remedies, which he has not yet filed, but which is due on or before December 20, 2011. (Docs. 159 & 166.) Krotzer requests oral argument on the Motion. (*Id.* at 8.)[1] Plaintiffs filed a response in opposition to the Motion. (Doc. 167.)

---

[1] Krotzer also "respectfully requests this Court grant him substantial additional time
(continued...)

For the reasons stated herein, oral argument is unnecessary and the Motion is due to be **DENIED**.

Local Rule 1.09(a) provides that every motion to seal must include, among other things, "the reason that filing each item is necessary." M.D. Fla. R. 1.09(a). Filing of an item is not necessary if the item is not relevant. "Federal Rule of Evidence 401 defines 'relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Luka v. City of Orlando*, 382 F. App'x 840, 841 (11th Cir. 2010) (quoting FED. R. EVID. 401); *see also* FED. R. EVID. 402 ("Evidence which is not relevant is not admissible.").

As stated above, Krotzer wishes to file the subject tax returns in support of his response to Plaintiffs' motion for remedies. In Plaintiffs' motion for remedies, they propose an equitable monetary judgment against Krotzer in the amount of $732,480. (Doc. 162 at 15.) To reach this proposed amount, Plaintiffs start with Defendants' total sales figures and subtract the total refunds given by Defendants. (*Id.*) The only explanation Krotzer provides in the Motion regarding the need to file the tax returns is that it "will show the Court [that] Krotzer has exhausted his assets to benefit all consumers." (Doc. 164 at 6.)

---

(...continued)
to discover the new trove of evidence he is obtaining as a result of the help of NIAAA and NCCAM, which is developed in the companion motion to this . . . ." (Doc. 164 at 9.) Krotzer is apparently referring to the Motion for Additional Time for Submitting Remedy Response to Develop Newly Discovered Facts & Developments—All Bearing on Remedies (Opposed) (Doc. 165), which the Court already addressed by its Order of November 22, 2011 (Doc. 166).

In Plaintiffs' response in opposition to the Motion, they argue that "Defendant's profits and expenditures are not 'of consequence to the determination of' equitable monetary relief." (Doc. 167 at 5.) Plaintiffs argue that the proper calculation of unjust gains in FTC actions is based on revenues, not profits. (*Id.* at 5-6.) They assert that Defendants' ability to pay is irrelevant. (*Id.* at 6-7.) Accordingly, Plaintiffs oppose Krotzer's request to file the subject tax returns under seal.[2]

As Plaintiffs argue, the appropriate measure for equitable redress in FTC actions is "the aggregate amount paid by consumers, less refunds made by defendants." *FTC v. SlimAmerica, Inc.*, 77 F. Supp. 2d 1263, 1276 (S.D. Fla. 1999); *see also FTC v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1212 (N.D. Ga. 2008) ("In similar Section 13(b) actions, 'the proper amount of restitution has been held to be the purchase price of the relevant product or business opportunity, less any refunds.'" (citations omitted)), *aff'd*, 356 F. App'x 358 (11th Cir. 2009). In the *National Urological Group* case, the district court rejected the defendants' argument that the calculation should be based on their profits rather than sales to consumers. 645 F. Supp. 2d at 1212-13. The court explained, "Requiring the defendants to return the profits that they received rather than the costs incurred by the injured consumer would be the equivalent of making the consumer bear the defendants' expenses. The court will not make the victimized consumers shoulder such a burden." *Id.* at 1213; *see also SlimAmerica*, 77 F. Supp.

---

[2] As an additional basis, Plaintiffs assert that the subject tax returns are inadmissible because they are hearsay and are not admissible under any exception to the hearsay rule. (Doc. 167 at 9.) Because the Court is denying the Motion on the ground that Krotzer has not demonstrated why it is necessary to file the tax returns, the Court need not address Plaintiffs' hearsay argument.

3

2d at 1276 ("Costs incurred by the defendants in the creation and perpetration of the fraudulent scheme will not be passed on to the victims.").

It appears that Krotzer's sole purpose in seeking to file the subject tax returns under seal is to demonstrate his and/or his corporate co-Defendant's business losses or that he, for some other reason, cannot pay the amount sought by Plaintiffs as equitable monetary relief. (*See* Doc. 164 at 6.) Based on the above discussed law, Krotzer's operating expenses and ability to pay appear to be irrelevant to the calculation of equitable monetary relief in FTC actions. Accordingly, Krotzer has failed to demonstrate why filing the subject tax returns is necessary, and the Motion will be denied on that basis. *See* M.D. Fla. R. 1.09(a). If the Court determines that it should review the tax returns at some point in the future, the Court will allow Krotzer to re-file a proper motion to seal.

Upon due consideration, it is **ORDERED**:

The Motion (**Doc. 164**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on November 29, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record
             Any *Pro se* Parties